IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE NORTHERN INSURANCE COMPANY　　*
OF NEW YORK
　　　　　　　　　　　　　　　　　*

　　　　　Plaintiff
　　　　　　　　　　　　　　　　　*

　　vs.　　　　　　　　　　　　　　　CIVIL ACTION NO. MJG-01-2158
　　　　　　　　　　　　　　　　　*
BALTIMORE BUSINESS COMMUNICATIONS
INC.　　　　　　　　　　　　　　　*

　　　　　Defendant　　　　　　　　*

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

## MEMORANDUM AND ORDER

The Court has before it Baltimore Business Communications Inc.'s Motion to Alter or Amend Judgment. The Court finds that neither a response nor a hearing is necessary.

As stated by Judge Ramsey in <u>Weyerhaeuser Corp. v. Koppers Co., Inc.</u>, 771 F. Supp. 1406, 1419 (D. Md. 1991), "A motion for reconsideration (or, to alter or amend judgment) made pursuant to Fed. R. Civ. P. 59(e) may be made for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Such a motion "cannot be used to raise arguments which could, and should, have been made before [the determination to be reconsidered] issued." <u>Federal Deposit Ins. Corp. v. Meyer</u>, 781 F. 2d 1260, 1268 (7th Cir. 1983).

For reasons set forth in the Memorandum and Order issued February 28, 2002, the Court granted summary judgment to the Northern Insurance Company of New York. The Motion for Reconsideration argues that this Court failed to follow Aetna Insurance Co. v. Aaron, 685 A.2d 858, 860, 865 (Md. Ct. Spec. App. 1996), and therefore should amend its judgment. The Court did consider Aaron for purposes of its February 28, 2002 Order and has reviewed it in light of the instant Motion. However, the Court finds Aaron inapplicable to the instant case.

First, Aaron is a case involving property damage, whereas the underlying Pinney[1] case concerns bodily injury. Second, and more importantly, Aaron clearly states that "the plaintiff's damages may include the cost of measures intended to prevent future injury." Id. at 865 (emphasis added). The plaintiffs in the Pinney case seek only preventative measures. This Court does not read Aaron to stand for the proposition that a lawsuit seeking solely the prevention of future harm falls within the purview of an insurance policy which covers "damages because of bodily injury." Northern Insurance CGL Policy Sec. I, Cov. A.

Therefore, the Court finds that Baltimore Business Communications Inc.'s Motion does not present a persuasive reason for the Court to change its view of the instant case.

---

[1] Pinney v. Nokia Inc., No. CCB-01-1456 (D.Md) ("Pinney").

For the foregoing reasons:

1. Baltimore Business Communications Inc.'s Motion to Alter or Amend Judgment is DENIED.

2. The Judgment Order issued February 28, 2002 remains in effect.

SO ORDERED this 12th day of March, 2002.

_____
Marvin J. Garbis
United States District Judge

3