# EXHIBIT "A"

Sent by: VEDDER PRICE, NY          212 407 7799;          11/06/01  4:08AM;JetFax #681;Page 4/37

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ZURICH-AMERICAN INSURANCE
COMPANY,

           Plaintiff,

v.

AUDIOVOX CORPORATION, ROYAL
INDEMNITY COMPANY, NATIONAL
SURETY COMPANY, VIGILANT
INSURANCE COMPANY and ST. PAUL
GUARDIAN INSURANCE COMPANY,

           Defendants.

Index No. 01-603668

## ZURICH-AMERICAN INSURANCE COMPANY'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO AUDIOVOX'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Counsel For Zurich-American

John H. Eickemeyer
VEDDER, PRICE, KAUFMAN & KAMMHOLZ
805 Third Avenue
New York, New York 10022
(212) 407-7700

Of Counsel For Zurich-American

Steven D. Pearson
Philip R. King
Steven J. Ciszewski
MECKLER, BULGER & TILSON
8200 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606

Sent by: VEDDER PRICE, NY         212 407 7799;         11/06/01  4:11AM;JetFax_#681;Page 15/37

workmanship when the damages claimed were the cost of correcting the work itself. The risk that the insurers clearly intended to cover was the possibility that the work product of the insured, once completed, would cause bodily injury or damage to property other than to the product or completed work itself, and for which the insured might be found liable."); <u>Zandri Construction Co., Inc. v. Fireman's Ins. Co. of Newark</u>, 81 A.D.2d 106, 440 N.Y.S.2d 353 (3rd Dept. 1981) (Applying the Business Risk Exclusions because "the insurers clearly did not intend to provide coverage for claims against their insured . . . when the damages claimed were the cost of correcting the work itself.") It is undisputed that the only relief sought in the Underlying Actions is a headset for Audiovox's product. The obligation of Audiovox to provide or pay for a product component part is barred from coverage by the Business Risk Exclusions.

### C. The Underlying Actions Do Not Seek Damages "Because Of" Or "On Account Of" "Bodily Injury"

#### 1. Audiovox Fails To Satisfy Its Burden Of Proof On The "Because Of" Issue

Audiovox's first argument is that the Underlying Actions seek damages "because of" "bodily injury." (Audiovox's Memorandum at pp. 11 – 19.) In support thereof, Audiovox cites to portions of the underlying complaints, including allegations that cellular telephone use generally creates health risks. Audiovox, however, fails to establish that any relief is sought by the claimants to compensate them for these alleged health risks. Instead, Audiovox simply argues that these allegations amount to "bodily injury," so the Zurich policies provide coverage.

To establish coverage, however, Audiovox must do more than simply demonstrate that the underlying complaints contain some allegation of "bodily injury."[10] Instead, to meet its burden of proving coverage, Audiovox must take the next step, and demonstrate that damages

---

[10] As discussed below, Zurich disputes Audiovox's contention that allegations of "bodily injury" are asserted in the underlying complaints.

NEWYORK/#82163.1

-7-

202 887 0689 TO 2244#01939396#0000 P.12

Sent by: VEDDER PRICE, NY                212 407 7799;         11/06/01 4:12AM;JetFax_#681;Page 16/37

are sought "because of" or "on account of" that "bodily injury." See, e.g., Munzer v. St. Paul Fire and Marine Ins. Co., 145 A.D.2d 193, 538 N.Y.S.2d 633 (3rd Dept. 1989) (it is the insured's burden to prove that the provisions of the policy provide coverage). This is a step Audiovox cannot take.

As Zurich demonstrated in its legal memorandum in support of its cross-motion for summary judgment, unanimous nationwide authority establishes beyond cavil that the mere allegation of "bodily injury" in the underlying complaint does not create coverage. Instead, for there to be coverage, the underlying complaint must seek damages as compensation for that "bodily injury." In Crawford Laboratories, Inc. v. St. Paul Ins. Co., 715 N.E.2d 653 (Ill. App. 1999), for example, a non-profit group sought injunctive relief and statutory damages from Crawford for repeated violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986. This Statute requires clear and reasonable warnings when certain toxic chemicals are present in products sold in California. Because Crawford made and distributed paint and related products containing these toxic chemicals without the required warnings, the underlying claimants alleged that Crawford was acting in violation of the Statute, and sought the provided statutory remedies, which did not include recovery for bodily injury. Nevertheless, the underlying complaint did contain allegations of how citizens had suffered bodily injury from Crawford's actions.

In the resulting coverage action, St. Paul successfully argued that the underlying complaint did not seek covered damages even though allegations of "bodily injury" were present. In adopting St. Paul's position, the Court noted that the relevant inquiry is not whether the underlying complaint alleges some "bodily injury," but whether the underlying complaint seeks damages to compensate for that alleged "bodily injury." Id. at 657. The Court continued that

Sent by: VEDDER PRICE, NY          212 407 7799;          11/06/01 4:12AM;JetFax_#681;Page 17/37

although the underlying complaint contained allegations of physical injury to individuals, the complaint did not seek "recovery for damages sustained by them due to any irreparable harm or other bodily injury." Id. at 658. "The core of [the] claim for damages is not a claim for damages due to bodily injury. The allegations of bodily injury were made 'not for recovery for the injured' citizens, but rather, were 'offered as evidence of the problems that resulted' from the violation of Proposition 65." Id. Accordingly, the Appellate Court affirmed summary judgment, finding St. Paul had no duty to defend.

Similarly, in Diamond State Ins. Co. v. Chester-Jensen Co., Inc., 611 N.E.2d 1083 (Ill. App. 1993), the underlying claims arose out of economic losses incurred by the State of Illinois after an air conditioning unit in a State building failed. The State filed a breach of contract and warranty action against Chester-Jensen, alleging damages such as (1) lost rent from tenants whose leased space was rendered uninhabitable, (2) lost work days due to State employee illnesses caused by the heat, (3) lost productivity due to reduced workloads on account of the heat, and (4) excessive electrical consumption caused by widespread portable fan usage.

Chester-Jensen, in turn, tendered the underlying action to its insurers for a defense. In the coverage action, Chester-Jensen argued that economic losses, such as lost work days and reduced productivity of State workers resulting from alleged "bodily injury," brought the underlying complaint within the policy's insuring agreement. The Court summarily rejected this argument, stating:

> It ignores the nature of the complaint being made by the State. The State is not bringing this action on behalf of its employees, seeking recovery for damages sustained by them on account of their illness or other bodily injury. Nor is the State seeking to be reimbursed or indemnified for its liability to its employees. Rather, Chester-Jensen is claiming coverage for its liability to the State for the State's economic losses simply because those economic losses of the State are alleged in part to be attributable to illness or injury of the State's employees.

202 887 0689 TO 2244#01939396#0000 P.14

Sent by: VEDDER PRICE, NY          212 407 7799;         11/06/01  4:12AM;JetFax_#681;Page 18/37

> Appellant's proposed interpretation would distort the meaning of this provision and extend its reach so as to provide coverage for any liability where bodily injury is a tangential factor. It is manifest that the core of the State's claim for damages against Chester-Jensen is a claim for its economic losses. The fact that the State's claim for its economic losses as a result of diminished productivity may have been occasioned in part by the illness of its employees, does not transmute its economic claim for which it seeks recovery from Chester-Jensen into one for "bodily injury."
>
> ***
>
> [T]he State's complaint alleges physical injury to State employees in that some had to be taken to the hospital, but we find these allegations are made, not for recovery for the injured employees, but are offered as evidence of the problems that resulted from the defective HVAC system.

Id. at 1087 – 1088. Thus the fact that there may be some connection between alleged bodily injury and the relief sought is not sufficient to give rise to a duty to defend or indemnify.

Crawford Laboratories and Diamond State are consistent with holdings of other courts nationwide.

- Pacific Employers Ins. Co. v. Cesnik, 219 F.3d 1328 (11th Cir. 2000) (Georgia law) – Under the policy, the mere fact that bodily injury occurred and is alleged in the underlying complaint is insufficient to trigger coverage. Instead, the policy provides coverage for damages sought because of bodily injury. The express terms of the policy require a connection between the damages sought and a covered bodily injury. The amended complaint contains no such connection even though the complaint alleged breach of contract arising out of the adoption of a disabled child.

- Atlantic Mutual Ins. Co. v. Roffe, Inc., 872 P.2d 536 (Wash. App. 1994) – Insurer has no duty to defend because under the policy, the mere fact that a bodily injury occurred does not create a duty to defend. The plaintiff's damages must be 'because of' the bodily injury for there to be coverage and a resulting duty to defend.

- Union Mutual Ins. Cos. of Providence v. Stotts, 837 F. Supp. 814 (N.D. Tex. 1993) (Texas law) – It is undisputed that Stotts claims to have sustained serious bodily injury as a result of his on-the-job accident. A plain reading of his pleadings in the underlying action, however, reveals that he is not seeking damages for those bodily injuries. Rather, Stotts is seeking damages because he was allegedly fraudulently deprived of workers' compensation insurance to cover those injuries. Court found that Stotts did not seek covered damages because of bodily injury.

202 887 0689 TO 22244#0193396#0000 P.15

Sent by: VEDDER PRICE, NY          212 407 7799;          11/06/01  4:13AM;JetFax_#661;Page 19/37

- Allstate Ins. Co. v. Belezos, 744 F. Supp. 992 (D.Ore. 1990) (Oregon law) – No duty to defend where the underlying complaint alleged that the defendant-insured's conduct had caused damage to doors at the plaintiff's business – i.e., third-party property damage – where the relief sought was limited to increased security costs to guard the premises and no relief was sought to compensate the plaintiff for the damage to their property.

Like Crawford Laboratories, Diamond State, and the other nationwide authority cited above, the purported allegations of health risks and exposure made in the Underlying Actions are not made to support a recovery of compensatory damages for such risk or exposure, but are instead offered only as evidence of the problems that resulted from the alleged defect in Audiovox's product. The only relief sought by the underlying claimants is the provision of headsets for use with Audiovox's cellular telephones, and this relief will clearly not serve to compensate the claimants for any alleged past risk. All of the complaints delete any claims for individualized physical injury.[11] This is confirmed by other pleadings filed in the Underlying Actions in which plaintiffs state that they make no claim for damages as a result of any personal injury.[12]

### 2. The "Consequential Damages" Cases Cited By Audiovox Are Inapposite Given The Clear Allegations And Limited Relief Sought By The Underlying Actions

Audiovox attempts to avoid plain language of the Zurich policies and the reasoning of Crawford Laboratories, Diamond State, and the related authority by citing a series of "consequential damages" cases arising in the DES, loss of consortium, and firearms context. None of these cases, however, finds coverage for "consequential damages" requiring the repair or replacement of the insured's product. The DES case, E.R. Squibb & Sons, Inc. v. Lloyd's &

---

[11] Audiovox admits that all of the Underlying Actions are "virtually identical," and concedes that the duty to defend analysis is the same for each of the Underlying Actions. See Audiovox's Memorandum at p. 2.
[12] The underlying claimants expressly "agree that they make no claim for damages due to a present personal injury." See Plaintiffs' Memorandum In Opposition To Defendant's Joint Motion To Dismiss, filed in Naquin, attached to the Bickemeyer Affidavit at Tab 13, p. 7.

NEWYORK/#82163.1                          - 11 -