# EXHIBIT "B"

19TH JUDICIAL DISTRICT COURT FOR THE
PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 475,283                                        SECTION "J"

MOTOROLA, INC.

versus

ASSOCIATED INDEMNITY CORPORATION, CONTINENTAL CASUALTY
COMPANY, NATIONAL SURETY COMPANY,
TRANSPORTATION INSURANCE COMPANY, and
ZURICH INSURANCE COMPANY

FILED:_____     _____
                                       DEPUTY CLERK

**ZURICH-AMERICAN INSURANCE COMPANY'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTOROLA'S MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

Motorola filed this motion for summary judgment seeking a defense from Zurich in connection with five underlying putative class action suits (hereinafter the "Underlying Actions") pursuant to a commercial general liability (CGL) policy issued by Zurich to Motorola (hereinafter the "Zurich policy"). Motorola has, however, failed to satisfy its burden of proving coverage under the Zurich policy because none of the Underlying Actions seek to recover damages as compensation for any "bodily injury" or "property damage" suffered by the claimants. Instead, the Underlying Actions seek only the repair or replacement of Motorola's cellular telephones through the provision of a headset, and Motorola points to no evidence demonstrating that any relief other than headsets is sought in the Underlying Actions. Because this relief falls outside the Insuring Agreement and squarely within the Business Risk Exclusions in the Zurich policy, Zurich has no duty to defend or indemnify Motorola in connection with the Underlying Actions.[1]

Motorola does not appear to dispute in this action, or in the Underlying Actions, that the complaints seek only the provision, or cost, of a headset as a component part of Motorola's product.[2] Motorola has not cited a single case finding that an insurer must defend a suit seeking only the recovery of a component part for the insured's product. In fact, Motorola ignores the Business Risk

---

[1] Zurich filed a cross-motion for summary judgment fully setting forth the reasons why it has no duty to defend or indemnify Motorola in connection in the Underlying Actions. This response brief will serve to respond to the arguments made in Motorola's legal memorandum in support of its motion for summary judgment, and will not repeat all of the arguments set forth in Zurich's legal memorandum in support of its cross-motion. Zurich does, however, hereby incorporate by reference its legal memorandum in support of its cross-motion for summary judgment, and will refer to that legal memorandum, where appropriate, in response to the arguments set forth in Motorola's memorandum.

[2] See Defendants' Memorandum in Support of Motion to Dismiss, filed in Naquin, at p. 21 attached to Salley Affidavit at Tab 11.

application of the Business Risk Exclusions, so Zurich has no duty to defend or indemnify Motorola in connection with the Underlying Actions. See Western Casualty & Surety Co v. Brochu, 475 N.E.2d 872, 878 (Ill. 1985) (Business Risk Exclusions limit coverage "by excluding damage to the product or work of the insured." . . . "In short, the policy in question does not cover an accident of faulty workmanship but rather faulty workmanship which causes an accident.") See also, Swarts v Woodlawn, Inc., 610 So.2d 888, 890-91 (La. App. 1992) (CGL policy with Business Risk Exclusions "does not provide coverage to the insured for repair or replacement of his own defective work or defective product." . . . "The Business Risk Exclusions plainly indicate "that the policy is not intended as a guarantee of the quality of the insured's product or work; the jurisprudence establishes that general liability policies are not performance bonds.") It is undisputed that the only relief sought here is a headset for Motorola's product. The obligation of Motorola to provide or pay for a product component part is excluded by the Business Risk Exclusions.

D.   **The Underlying Actions Do Not Seek Damages "Because Of" Or "On Account Of" "Bodily Injury"**

1.   **Motorola Fails To Satisfy Its Burden Of Proof On The "Because Of" Issue**

Motorola's first argument is that the Underlying Actions seek damages "because of" "bodily injury." (Motorola's Memorandum at pp. 9 – 12.) In support thereof, Motorola cites to portions of the underlying complaints, including allegations that cellular telephone use generally creates health risks. Motorola, however, fails to establish or even attempt to establish that any relief is sought by the claimants to compensate them for these alleged health risks. Instead, Motorola simply argues that these allegations amount to "bodily injury," so the Zurich policies provide coverage.

To establish coverage, however, Motorola must do more than simply demonstrate that the underlying complaints contain some allegation of "bodily injury."[7] Instead, to meet its burden of proving coverage, Motorola must take the next step, and demonstrate that damages are sought "because of" or "on account of" that "bodily injury." See, e.g., Bonner v. United States Fire Ins. Co., 494 So.2d 1311, 1313 (La. App. 1986) (policyholder has initial burden of proving coverage under the terms of the policy). This is a step Motorola can not, and fails to even attempt to take.

As Zurich demonstrated in its legal memorandum in support of its cross-motion for summary judgment, authority from Illinois – which Motorola concedes is the same as Louisiana law on this

---

[7]   As discussed below, Zurich disputes Motorola's contention that allegations of "bodily injury" are asserted in the underlying complaints.

6

issue, and is therefore controlling – establishes beyond cavil that the mere allegation of "bodily injury" in the underlying complaint does not create coverage. Specifically, in <u>Crawford Laboratories, Inc. v. St. Paul Ins. Co.</u>, 715 N.E.2d 653 (Ill. App. 1999), a non-profit group sought injunctive relief and statutory damages from Crawford for repeated violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986. This Statute requires clear and reasonable warnings when certain toxic chemicals are present in products sold in California. Because Crawford made and distributed paint and related products containing these toxic chemicals without the required warnings, the underlying claimants alleged that Crawford was acting in violation of the Statute, and sought the provided statutory remedies, which did not include recovery for bodily injury. Nevertheless, the underlying complaint did contain allegations of how citizens had suffered bodily injury from Crawford's actions.

In the resulting coverage action, St. Paul successfully argued that the underlying complaint did not seek "damages for bodily injury" even though allegations of "bodily injury" were present. In adopting St. Paul's position, the Court noted that the relevant inquiry is not whether the underlying complaint alleges some "bodily injury," but whether the underlying complaint seeks damages for that alleged "bodily injury." <u>Id</u> at 657. The Court continued that although the underlying complaint contained allegations of physical injury to individuals, the complaint did not seek "recovery for damages sustained by them due to any irreparable harm or other bodily injury." <u>Id</u>. at 658. "The core of [the] claim for damages is not a claim for damages due to bodily injury. The allegations of bodily injury were made 'not for recovery for the injured' citizens, but rather, were 'offered as evidence of the problems that resulted' from the violation of Proposition 65." <u>Id</u>. Accordingly, the Appellate Court affirmed summary judgment, finding St. Paul had no duty to defend.

Similarly, in <u>Diamond State Ins. Co. v. Chester-Jensen Co., Inc.</u>, 611 N.E.2d 1083 (Ill. App. 1993), the underlying claims arose out of economic losses incurred by the State of Illinois after an air conditioning unit in a State building failed. The State filed a breach of contract and warranty action against Chester-Jensen, alleging damages such as (1) lost rent from tenants whose leased space was rendered inhabitable, (2) lost work days due to State employee illnesses caused by the heat, (3) lost productivity due to reduced workloads on account of the heat, and (4) excessive electrical consumption caused by widespread portable fan usage.

Chester-Jensen, in turn, tendered the underlying action to its insurers for a defense, which was accepted under a reservation of rights. In the resulting coverage action, Chester-Jensen argued that

7

economic losses, such as lost work days and reduced productivity of State workers who suffered from alleged "bodily injury," brought the underlying complaint within the policy's insuring agreement. The Court summarily rejected this argument, stating:

> It ignores the nature of the complaint being made by the State. The State is not bringing this action on behalf of its employees, seeking recovery for damages sustained by them on account of their illness or other bodily injury. Nor is the State seeking to be reimbursed or indemnified for its liability to its employees. Rather, Chester-Jensen is claiming coverage for its liability to the State for the State's economic losses simply because those economic losses of the State are alleged in part to be attributable to illness of injury of the State's employees.
>
> Appellant's proposed interpretation would distort the meaning of this provision and extend its reach so as to provide coverage for any liability where bodily injury is a tangential factor. It is manifest that the core of the State's claim for damages against Chester-Jensen is a claim for its economic losses. The fact that the State's claim for its economic losses as a result of diminished productivity may have been occasioned in part by the illness of its employees, does not transmute its economic claim for which it seeks recovery from Chester-Jensen into one for "bodily injury."
>
> ***
>
> [T]he State's complaint alleges physical injury to State employees in that some had to be taken to the hospital, but we find these allegations are made, not for recovery for the injured employees, but are offered as evidence of the problems that resulted from the defective HVAC system.

Id. at 1087 – 1088  Crawford Laboratories and Diamond State, which establish Illinois law on this subject, and by Motorola's concession are controlling, are consistent with holdings of other courts nationwide.

- Pacific Employers Ins. Co. v. Cesnik, 219 F.3d 1328 (11th Cir. 2000) (Georgia law) – Under the policy, the mere fact that bodily injury occurred and is alleged in the underlying complaint is insufficient to trigger coverage. Instead, the policy provides coverage for damages sought because of bodily injury. The express terms of the policy require a connection between the damages sought and a covered bodily injury. The amended complaint contains no such connection.

- Atlantic Mutual Ins. Co. v. Roffe, Inc., 872 P.2d 536 (Wash. App. 1994) – Insurer has no duty to defend because under the policy, the mere fact that a bodily injury occurred does not create a duty to defend. The plaintiff's damages must be 'because of' the bodily injury for there to be coverage and a resulting duty to defend.

- Union Mutual Ins. Cos. of Providence v. Stotts, 837 F. Supp 814 (N.D. Tex. 1993) (Texas law) – It is undisputed that Stotts claims to have sustained serious bodily injury as a result of his on-the-job accident. A plain reading of his pleadings in the underlying action, however, reveals that he is not seeking damages for those bodily injuries. Rather, Stotts is seeking damages because he was allegedly fraudulently deprived of workers' compensation insurance to cover those injuries. Accordingly, this Court finds that Stotts has not alleged any type of bodily injury as defined in the policy.

- Allstate Ins. Co. v. Belezos, 744 F. Supp. 992 (Ore. 1990) (Oregon law) – No duty to defend where the underlying complaint alleged that the defendant-insured's conduct had caused damage to doors at the plaintiff's business – i.e.,

8

third-party property damage – where the relief sought was limited to increased security costs to guard the premises and no relief was sought to compensate the plaintiff for the damage to their property.

Like Crawford Laboratories, Diamond State, and the other nationwide authority cited above, the purported allegations of health risks and exposure made in the Underlying Actions are not made to support a recovery of compensatory damages for such risk or exposure, but are instead offered only as evidence of the problems that resulted from the alleged defect in Motorola's product. The only relief sought by the underlying claimants is the provision of headsets for use with Motorola's cellular telephones, and this relief will clearly not serve to compensate the claimants for any alleged past risk. All of the complaints delete any claims for individualized physical injury. This is confirmed by other pleadings filed in the Underlying Actions in which plaintiffs state that they make no claim for damages due to a present personal injury.[8]

### 2. Under No Set Of Circumstances Is Zurich Required To Defend Or Indemnify Claims Seeking A Component Part For Motorola's Product

Motorola has so twisted the policy language, ignored exclusions, and misconstrued the policy intent that it has convinced itself that its insurers should pay it to manufacture a component part for its own product. Such an unreasonable and absurd argument should not convince this court. The policy language and intent does not require a CGL insurer to serve as a guarantor of Motorola's product by paying for a component part for that product under any circumstances.

Motorola does not and can not provide citation to any case finding that the cost to repair, replace, or provide a component part for the insured's product is covered by a CGL policy. As Zurich demonstrated in its legal memorandum in support of its cross-motion for summary judgment, under no circumstances is this type of relief covered by the Zurich policy, or any CGL policy. See e.g., Traveler's Ins Co. v. Eljer Manufacturing, Inc., 2001 WL 1105806, *16 and *18 (Ill., September 20, 2001) (CGL policy coverage not triggered by "purely economic losses, such as damages for inadequate value, costs of repair or replacement, and diminution in value that result from a product's inferior quality or its failure to perform for the general purposes for which it was manufactured and sold" – CGL "insurers did not consent to become guarantors of the product quality of the performance of the" insured's product).[9] See also, Monticello Ins Co. v Wil-Freds

---

[8] See Plaintiffs Memorandum in Opposition to Defendants at p 7 attached to Tab 13 to Salley Affidavit.
[9] A true and correct copy of this decision is attached hereto as Exhibit A.

9