**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| THE NORTHERN INSURANCE COMPANY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.: 01 CV 2158 |
| BALTIMORE BUSINESS COMMUNICATIONS, INC., | ) ) ) ) | Judge: Garbis |
| Defendant. | ) | |

### THE NORTHERN INSURANCE COMPANY'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO BALTIMORE BUSINESS COMMUNICATIONS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Counsel For Northern
Steven E. Leder
Julie A. Furst
NILES, BARTON & WILMER
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300

Of Counsel For Northern
Steven D. Pearson
Philip R. King
Steven J. Ciszewski
MECKLER, BULGER & TILSON
8200 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 474-7900

are the 'normal frequent, or predictable consequences of doing business.' Excluding business risks lowers insurance rates and provides incentive for businesses to perform effectively.")

It is undisputed that the only relief sought in the Underlying Action is a headset for Baltimore Business' product. The obligation of Baltimore Business to provide or pay for a product component part is barred from coverage by the Business Risk Exclusions.

### C. The Underlying Actions Do Not Seek Damages "Because Of" Or "On Account Of" "Bodily Injury"

#### 1. Baltimore Business Fails To Satisfy Its Burden Of Proof On The "Because Of" Issue

Baltimore Business' first argument is that the Underlying Actions seek damages "because of" "bodily injury." (Baltimore Business' Memorandum at pp. 13 – 17.) In support thereof, Baltimore Business cites to portions of the underlying complaint, including allegations that cellular telephone use generally creates health risks. (Baltimore Business' Memorandum at p. 13.) Baltimore Business, however, fails to establish that any relief is sought by the claimants to compensate them for these alleged health risks. Instead, Baltimore Business simply argues that these allegations amount to "bodily injury," so the Northern policies provide coverage. Baltimore Business appears to admit that the only relief sought is a headset or reimbursement for the cost of a headset. Id. This relief does not compensate for past health risks and, therefore, no damages are sought because of any bodily injury.

To establish coverage, however, Baltimore Business must do more than simply demonstrate that the underlying complaints contain some allegation of "bodily injury."[4] Instead, to meet its burden of proving coverage, Baltimore Business must take the next step, and

---

[4] As discussed below, Northern disputes Baltimore Business' contention that allegations of "bodily injury" are asserted in the underlying complaint.

6

demonstrate that damages are sought "because of" or "on account of" that "bodily injury." This is a step Baltimore Business cannot take.

As Northern demonstrated in its legal memorandum in support of its cross-motion for summary judgment, unanimous nationwide authority establishes beyond cavil that the mere allegation of "bodily injury" in the underlying complaint does not create coverage. Instead, for there to be coverage, the underlying complaint must seek damages as compensation for that "bodily injury." In Crawford Laboratories, Inc. v. St. Paul Ins. Co., 715 N.E.2d 653 (Ill. App. 1999), for example, a non-profit group sought injunctive relief and statutory damages from Crawford for repeated violations of California's Safe Drinking Water and Toxic Enforcement Act of 1986. This Statute requires clear and reasonable warnings when certain toxic chemicals are present in products sold in California. Because Crawford made and distributed paint and related products containing these toxic chemicals without the required warnings, the underlying claimants alleged that Crawford was acting in violation of the Statute, and sought the provided statutory remedies, which did not include recovery for bodily injury. Nevertheless, the underlying complaint did contain allegations of how citizens had suffered bodily injury from Crawford's actions.

In the resulting coverage action, St. Paul successfully argued that the underlying complaint did not seek covered damages even though allegations of "bodily injury" were present. In adopting St. Paul's position, the Court noted that the relevant inquiry is not whether the underlying complaint alleges some "bodily injury," but whether the underlying complaint seeks damages to compensate for that alleged "bodily injury." Id. at 657. The Court continued that although the underlying complaint contained allegations of physical injury to individuals, the complaint did not seek "recovery for damages sustained by them due to any irreparable harm or

other bodily injury." Id. at 658. "The core of [the] claim for damages is not a claim for damages due to bodily injury. The allegations of bodily injury were made 'not for recovery for the injured' citizens, but rather, were 'offered as evidence of the problems that resulted' from the violation of Proposition 65." Id. Accordingly, the Appellate Court affirmed summary judgment, finding St. Paul had no duty to defend.

Similarly, in Diamond State Ins. Co. v. Chester-Jensen Co., Inc., 611 N.E.2d 1083 (Ill. App. 1993), the underlying claims arose out of economic losses incurred by the State of Illinois after an air conditioning unit in a State building failed. The State filed a breach of contract and warranty action against Chester-Jensen, alleging damages such as (1) lost rent from tenants whose leased space was rendered inhabitable, (2) lost work days due to State employee illnesses caused by the heat, (3) lost productivity due to reduced workloads on account of the heat, and (4) excessive electrical consumption caused by widespread portable fan usage.

Chester-Jensen, in turn, tendered the underlying action to its insurers for a defense. In the coverage action, Chester-Jensen argued that economic losses, such as lost work days and reduced productivity of State workers resulting from alleged "bodily injury," brought the underlying complaint within the policy's insuring agreement. The Court summarily rejected this argument, stating:

> It ignores the nature of the complaint being made by the State. The State is not bringing this action on behalf of its employees, seeking recovery for damages sustained by them on account of their illness or other bodily injury. Nor is the State seeking to be reimbursed or indemnified for its liability to its employees. Rather, Chester-Jensen is claiming coverage for its liability to the State for the State's economic losses simply because those economic losses of the State are alleged in part to be attributable to illness of injury of the State's employees.

> Appellant's proposed interpretation would distort the meaning of this provision and extend its reach so as to provide coverage for any liability where bodily injury is a tangential factor. It is manifest that the core of the State's claim for damages against Chester-Jensen is a claim for its economic losses. The fact that the State's

8

claim for its economic losses as a result of diminished productivity may have been occasioned in part by the illness of its employees, does not transmute its economic claim for which it seeks recovery from Chester-Jensen into one for "bodily injury."

***

[T]he State's complaint alleges physical injury to State employees in that some had to be taken to the hospital, but we find these allegations are made, not for recovery for the injured employees, but are offered as evidence of the problems that resulted from the defective HVAC system.

Id. at 1087 – 1088. Thus the fact that there may be some connection between alleged bodily injury and the relief sought is not sufficient to give rise to a duty to defend or indemnify. Crawford Laboratories and Diamond State are consistent with holdings of other courts nationwide.

- Pacific Employers Ins. Co. v. Cesnik, 219 F.3d 1328 (11th Cir. 2000) (Georgia law) – Under the policy, the mere fact that bodily injury occurred and is alleged in the underlying complaint is insufficient to trigger coverage. Instead, the policy provides coverage for damages sought because of bodily injury. The express terms of the policy require a connection between the damages sought and a covered bodily injury. The amended complaint contains no such connection even though the complaint alleged breach of contract arising out of the adoption of a disabled child.

- Atlantic Mutual Ins. Co. v. Roffe, Inc., 872 P.2d 536 (Wash. App. 1994) – Insurer has no duty to defend because under the policy, the mere fact that a bodily injury occurred does not create a duty to defend. The plaintiff's damages must be 'because of' the bodily injury for there to be coverage and a resulting duty to defend.

- Union Mutual Ins. Cos. of Providence v. Stotts, 837 F. Supp. 814 (N.D. Tex. 1993) (Texas law) – It is undisputed that Stotts claims to have sustained serious bodily injury as a result of his on-the-job accident. A plain reading of his pleadings in the underlying action, however, reveals that he is not seeking damages for those bodily injuries. Rather, Stotts is seeking damages because he was allegedly fraudulently deprived of workers' compensation insurance to cover those injuries. Court found that Stotts did not seek covered damages because of bodily injury.

9

- Allstate Ins. Co. v. Belezos, 744 F. Supp. 992 (Ore. 1990) (Oregon law) – No duty to defend where the underlying complaint alleged that the defendant-insured's conduct had caused damage to doors at the plaintiff's business – i.e., third-party property damage – where the relief sought was limited to increased security costs to guard the premises and no relief was sought to compensate the plaintiff for the damage to their property.

Like Crawford Laboratories, Diamond State, and the other nationwide authority cited above, the purported allegations of health risks and exposure made in the Underlying Action are not made to support a recovery of compensatory damages for such risk or exposure, but are instead offered only as evidence of the problems that resulted from the alleged defect in Baltimore Business' product. The only relief sought by the underlying claimants is the provision of headsets for use with Baltimore Business' cellular telephones, and this relief will clearly not serve to compensate the claimants for any alleged past risk.[5] Because the Underlying Action does not seek damages "because of" "bodily injury," the Northern policies do not provide coverage in connection with the Underlying Action, and Northern has no obligation to defend or indemnify Baltimore Business in connection therewith.

2. **Under No Set Of Circumstances Is Northern Required To Defend Or Indemnify Claims Seeking A Component Part For Baltimore Business' Product**

Baltimore Business has so twisted the policy language, ignored exclusions, and misconstrued the policy intent that it has convinced itself that its insurer should pay it to manufacture and/or supply a component part for its own product. Such an unreasonable and absurd argument should not convince this Court. The policy language and intent does not require

---

[5] Baltimore Business' specious and contorted interpretation of the claimants' opposition brief by suggesting that the claimants assert that a headset would remedy past health risks (Baltimore Business' Memorandum at p. 14) should be rejected. The claimants' reference to headsets as a device to eliminate any present risk or harm could only refer to such risk or harm sustained when they use the cellular telephones. No on credibly asserts that a headset is a medical device designed to remediate past risk or harm.

10