```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

THE NORTHERN INSURANCE COMPANY    \*
OF NEW YORK
                                  \*
         Plaintiff
                                  \*
         vs.                          CIVIL ACTION NO. MJG-01-2158
                                  \*
BALTIMORE BUSINESS
COMMUNICATIONS, INC.              \*

         Defendant                \*

\*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

The Court has before it Baltimore Business Communications, Inc.'s Motion for Attorneys' Fees and Costs [Paper 42] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary in the present context.

This declaratory action was brought by Plaintiff, The Northern Insurance Company Of New York ("Northern Insurance") for a judgment declaring that it had no indemnity or defense obligations to its insured, Defendant Baltimore Business Communications, Inc ("the Insured"), with regard to litigation relating to certain handheld telephones ("the Underlying Litigation").

On February 28, 2002 this Court granted Northern Insurance summary judgment and entered Judgment declaring that there was no duty to defend or indemnify with regard to the claims in the Underlying Litigation. The Insured appealed and, on June 19, 2003,

the United States Court of Appeals for the Fourth Circuit held that Northern Insurance had a duty to defend.[1]  The Fourth Circuit remanded the case "for such further proceedings as may be appropriate."  The Northern Insurance Co. of New York v. Baltimore Business Comm., Inc., 68 Fed. App. 414 (4th Cir. 2003). By the instant motion, the Insured seeks an award of its attorneys' fees and costs pursuant to Maryland law. The Insured seeks a total of $272,906.05 in this regard.

As stated by the Maryland Court of Appeals in Nolt v. USF&G, 617 A.2d 578, 584 (Md. 1993):

> The rule in this State is firmly established that when an insured must resort to litigation to enforce its liability insurer's contractual duty to provide coverage for its potential liability to injured third persons, the insured is entitled to a recovery of the attorneys' fees and expenses incurred in that litigation

Accordingly, the Insured can recover its reasonable attorneys' fees and costs herein.  The parties debate the proper amount to be recovered.

It is possible that further proceedings, including a formal hearing and, perhaps, the taking of evidence, might be necessary to resolve the dispute.  Among other things, it appears necessary to

---

[1]  The matter of indemnity was not ripe for decision inasmuch as the Underlying Litigation remained pending.

resolve whether the Insured's motion for dismissal was warranted due to Northern Insurance's actions or some other reason.  If the motion was not warranted, there should be no award of fees and costs attributable thereto.

The Court finds it appropriate to provide the parties a final opportunity to resolve the issue of the amount of the fees without the necessity of further formal proceedings.  Moreover, should the parties be unable to achieve a extra-judicial resolution, the Court finds it appropriate to refer the issue to a Magistrate Judge for Report and Recommendations after such proceedings as the Magistrate Judge may deem warranted.

For the foregoing reasons:

1.  Baltimore Business Communications, Inc.'s Motion for Attorneys' Fees and Costs [Paper 42] is GRANTED.

    a.  Baltimore Business Communications, Inc. shall recover its reasonable attorneys' fees and costs herein.

    b.  The determination of the amount to be awarded is not now resolved.

2.  By January 19, 2004 the parties shall advise the Court:

    a.  Whether either party contends that, other than the determination of the fees and costs award, there is any other judicial action that is sought pursuant to the directive of the United States Court of Appeals for the Fourth Circuit.

      b.   Whether the parties have agreed upon the amount of fees and costs to be awarded.

      c.   If not, have the parties agreed upon any alternative dispute resolution method.  For example, whether the parties agree to allow an appropriately experienced attorney - selected by the Court and acceptable to both parties - to resolve the matter of the amount of the award.

3.   The Court will take further action in light of the parties' responses to the preceding paragraph.

SO ORDERED, on <u>Monday, January 5, 2003</u>.

                                         / s /
                                Marvin J. Garbis
                       United States District Judge